

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-31-2008

# USA v. Long

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3549

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Long" (2008). *2008 Decisions.* Paper 25.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/25

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 06-3549

UNITED STATES OF AMERICA

v.

RODERICK LONG,

Appellant

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 04-CR-00159-001
District Judge: The Honorable Gustave Diamond

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 20, 2008
Opinion Issued May 28, 2008
Petition for Panel Rehearing Granted July 2, 2008
Submitted after Grant of Rehearing on December 29, 2008

Before: SMITH and NYGAARD, *Circuit Judges*,
and STAFFORD, *District Judge*[*]

(Filed: December 31, 2008)

OPINION

SMITH, *Circuit Judge*.

---

[*]The Honorable William H. Stafford, Jr., Senior United States District Judge for the Northern District of Florida, sitting by designation.

Roderick Long, pursuant to a plea agreement containing a waiver of his right to appeal his conviction or sentence, pleaded guilty to count two of a four-count superceding indictment on March 8, 2006. Count two charged Long with violating 18 U.S.C. § 2252(a)(2) by knowingly receiving by computer visual depictions of a minor engaging in sexually explicit conduct. The United States District Court for the Western District of Pennsylvania sentenced Long to 121 months of imprisonment. In addition, the District Court imposed a term of supervised release, for life, with conditions, *inter alia*, that limited Long's access to computers and to certain materials depicting or describing sexually explicit conduct as defined in 18 U.S.C. § 2256(2). This timely appeal followed.[1]

Long's opening brief raised two issues: (1) whether, pursuant to an explicit reservation in his plea agreement, the District Court correctly calculated the offense level used in computing his sentencing guideline range; and (2) whether the District Court erred by imposing, as conditions of his period of supervised release, the limitations of his computer use and his access to materials depicting or describing sexually explicit conduct. The prosecution asserted that Long's appellate waiver barred our review of the terms of supervised release imposed by the District Court. With regard to the calculation of the guideline range, the prosecution argued that there was no error.

---

[1]The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231. Appellate jurisdiction exists under 28 U.S.C. § 1291, and 18 U.S.C. § 3742(a). *See United States v. Cooper*, 437 F.3d 324, 327-28 (3d Cir. 2006).

In a decision filed May 28, 2008, we determined that Long's appellate waiver was enforceable because he had failed to challenge it in his opening brief. That waiver precluded us from reviewing his challenge to certain conditions of supervised release. Because the appellate waiver specifically excepted any appeal concerning the District Court's guideline calculation, we did consider – and we rejected – Long's argument that the District Court had incorrectly calculated the offense level.

Thereafter, we granted panel rehearing to consider Long's contention that he had not forfeited his right to challenge the validity of the appellate waiver by failing to raise it in his opening brief. Subsequently, in *United States v. Goodson*, 544 F.3d 529 (3d Cir. 2008), a panel of this Court held that "a defendant is not obliged in his opening brief to acknowledge the existence of an appellate waiver and/or to explain why the waiver does not preclude appellate review of the substantive issue raised." *Id.* at 536. Accordingly, Long's failure to challenge the enforceability of the appellate waiver in his opening brief was not by itself fatal to the viability of that issue. Because Long argues that the appellate waiver is unenforceable due to a deficient Rule 11 colloquy, we review the Court's colloquy for plain error, mindful that it is Long who bears the burden of persuasion with respect to whether the alleged Rule 11 error affected his substantial rights. *Id.* at 539 (omitting citations).

The District Court's Rule 11 colloquy was deficient inasmuch as it did not comply with the directive in Federal Rule of Criminal Procedure 11(b)(N), requiring a district

court to "inform the defendant of, and determine that the defendant understands . . . the terms of any plea-agreement provision waiving the right to appeal." Fed. R. Crim. P. 11(b)(1)(N). This omission constitutes error that was obvious in light of the clear mandate of Rule 11(b)(1)(N). *Goodson*, 544 F.3d at 540. The question that remains is whether the District Court's error affected Long's substantial rights and warrants setting the appellate waiver aside.

In determining whether the District Court's deficient colloquy affected Long's substantial rights, we must consider the "whole record." *Goodson*, 544 F.3d at 540 (quoting *United States v. Vonn*, 535 U.S. 55, 59 (2002)). We begin by noting that the text of the appellate waiver was broad, "waiv[ing] the right to take a direct appeal from his conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742," subject to certain exceptions. The first two exceptions were generic, preserving Long's right to appeal (1) if the Government filed an appeal, or (2) if the sentence exceeded the statutory limits or unreasonably exceeded the guideline range determined by the District Court. The third exception, however, preserved Long's right to take a direct appeal of the District Court's guideline calculation or any upward departure from the guidelines. This exception was significant because the parties disagreed regarding the application of U.S.S.G. § 2G2.2(c)'s cross reference. If applied, it would result in a ten-level increase in Long's offense level.

The plea agreement was signed on the day of Long's guilty plea by both Long and

4

his counsel. Their signatures were set forth immediately below a statement that acknowledged that Long had read the agreement, discussed it with counsel, and accepted that it fully "set forth my agreement" with the United States Attorney. Contrary to Rule 11's directive, the District Court did not personally review the terms of the appellate waiver during the guilty plea colloquy and determine if Long understood its terms. Nonetheless, the prosecution reviewed during the change of plea proceeding the terms of the plea agreement and the fact that there was an appellate waiver. In fact, the prosecution not only referred to the appellate waiver, it also described the particulars of the three exceptions, including Long's specific reservation of the right to take a direct appeal of the District Court's guideline calculation or any upward departure that might be imposed. At the conclusion of the prosecution's recitation of the terms of the plea agreement, the Court asked Long if there was anything he wanted to add or if he had any questions. Long responded: "No, Your Honor." He then affirmed that he still intended to plead guilty. After the prosecution offered a factual basis for count two of the superseding indictment, Long acknowledged that he was guilty of count two of the superceding indictment. The District Court determined that Long's guilty plea was knowing and voluntary, and accepted the plea.

Given the text of the appellate waiver, including its explicit exception allowing an appeal of the District Court's guideline computation, Long's acknowledgment on the last page of the plea agreement, and the prosecution's reference to the waiver and description

5

of its exceptions, we conclude that Long has failed to demonstrate that the District

Court's error precluded him from "knowing of and understanding the significance of the

binding appellate waiver in the plea agreement." *Goodson*, 544 F.3d at 540.  We are

persuaded by the prosecution's argument that the exception in the appellate waiver

preserving Long's right to appeal the guideline computation, which was of central

importance in light of the fact that application of the cross-reference resulted in a ten-

level increase in his offense level, demonstrates that he knew of the appellate waiver and

its terms, and comprehended its significance.  Accordingly, the appellate waiver is

enforceable and we are precluded from reviewing Long's challenge to the conditions of

his supervised release.[1]

Long's appellate waiver, as noted above, does not bar our review of whether the

District Court erred in calculating his offense level inasmuch as the plea agreement

explicitly reserved that issue for appeal.[2]  Long contends that the District Court erred by

concluding that U.S.S.G. § 2G2.2(c)'s cross-reference applied.  The cross-reference

---

[1]Alternatively, Long argued that the conditions of his supervised release may be considered on appeal because the appellate waiver, which must be strictly construed under *United States v. Khattak*, 273 F.3d 557 (3d Cir. 2007), did not pertain to the conditions of supervised release.  In addition, Long asserted that conditions at issue here were excepted from the appellate waiver because they do not appear among the mandatory and discretionary conditions set forth in 18 U.S.C. § 3583(d). Neither argument has merit in the wake of *Goodson*.  544 F.3d at 537–38.

[2]Long's petition for rehearing did not take issue with our determination that the District Court did not err by applying  U.S.S.G. §  2G2.2(c)'s cross reference.  For that reason, we reiterate our analysis from the earlier opinion, which was vacated by operation of the grant of panel rehearing.

comes into play "[i]f the offense involved causing, transporting, permitting or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct . . . ." U.S.S.G. § 2G2.2(c). According to Long, the cross-reference had no bearing on his offense level because his instant messages neither caused the production of child pornography nor constituted a "notice."

We find no error in the District Court's application of U.S.S.G. § 2G2.2(c)'s cross-reference. The plain text of the guideline demonstrates that Long did not have to cause the production of child pornography. Rather, the cross-reference applies to a broad range of conduct, including "seeking by notice," and this record establishes that Long's instant messages requested "pics" of the minor. *See* U.S.S.G. § 2G2.2(c), and application note 5. We agree with the Tenth Circuit's analysis in *United States v. Garcia*, 411 F.3d 1173 (10th Cir. 2005), which rejected a narrow interpretation of the cross-reference. The *Garcia* Court explained that the "conduct the guideline seeks to punish is not only the actual production of child pornography, but the active solicitation for the production of such images." *Id.* at 1179.

Long's argument that his instant messages did not qualify as "notice" under the cross-reference also lacks merit. As Long concedes, we rejected a similar argument in *United States v. Harrison*, 357 F.3d 314 (3d Cir. 2004). There, we concluded that the term "notice" encompassed "the communication of information to another party" and that

7

Harrison's e-mail constituted a notice for purposes of a related provision in guideline § 2G2.2. Because Long's instant messages requested "pics" of the minor and conveyed information to another party, we conclude that these instant messages also constituted "notice" under § 2G2.2(c)'s cross-reference.

We will affirm the judgment of the District Court.